# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee



FILED
NOV 18 2022
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE APPLE MACBOOK AIR COMPUTER BELONGING TO KNOX COUNTY SCHOOLS WITH TAG TI31801 AND THE SAMSUNG S22 ULTRA CELLPHONE BELONGING TO ZACHARIA ALBABA CURRENTLY STORED AT KPD ICAC, 917 E 5TH AVENUE, KNOXVILLE, TENNESSEE 37915. Photographs and property descriptions are attached hereto as Attachment A and fully incorporated herein. | ) ) ) ) ) ) ) | Case No. 3:22-MJ-1218 |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Eastern__ District of __Tennessee__
*(identify the person or describe the property to be searched and give its location)*:

THE APPLE MACBOOK AIR COMPUTER BELONGING TO KNOX COUNTY SCHOOLS WITH TAG TI31801 AND THE SAMSUNG S22 ULTRA CELLPHONE BELONGING TO ZACHARIA ALBABA CURRENTLY STORED AT KPD ICAC, 917 E 5TH AVENUE, KNOXVILLE, TENNESSEE 37915. Photographs and property descriptions are attached hereto as Attachment A and fully incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
PLEASE SEE ATTACHMENT B, WHICH IS ATTACHED HERETO AND FULLY INCORPORATED HEREIN.

**YOU ARE COMMANDED** to execute this warrant on or before __November 8, 2022__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Debra C. Poplin__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __10/26/2022 4:00 pm__   _____/s/ Debra C. Poplin_____
*Judge's signature*

City and state: __Knoxville, Tennessee__   __Debra C. Poplin, United States Magistrate Judge__
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 3:22-MJ-1218 | Date and time warrant executed: 10-26-22 5:00 pm | Copy of warrant and inventory left with: Property @ ICAC offices |

Inventory made in the presence of: Tom Evans, John Williams

Inventory of the property taken and name of any person(s) seized:

1 Silver Macbook Air Laptop
Knox County School TAG T131801
1 Samsung Galaxy S22 Phone

FILED
NOV 18 2022
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 11-18-22

_Thomas Evans_
Executing officer's signature

Thomas Evans / Investigator
Printed name and title

# ATTACHMENT A

## DESCRIPTION OF DEVICES TO BE SEARCHED

1. Silver Macbook Air laptop with Knox County School tag TI31801
2. Samsung Galaxy S22 Ultra Smartphone belonging to Zacharia Albaba







3



4

# ATTACHMENT B

**Below is a list of items to be searched and seized from the devices described in ATTACHMENT A:**

1. Images or visual depictions of child pornography;
2. Records and information containing child erotica, including texts, images and visual depictions of child erotica;
3. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of the Subject Offenses;
4. Any and all information, notes, documents, records, or correspondence, in any format or medium, pertaining to child pornography or sexual activity with or sexual interest in minors;
5. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning Internet activity reflecting a sexual interest in minors or child pornography;
6. Any and all information, notes, software, documents, records, or correspondence, in any form and medium pertaining to any minor who is, or appears to be, the subject of any visual depiction of child pornography, child erotica, sexual activity with other minors, or that may be helpful in identifying any such minors;
7. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the Device or by other means for the purpose of committing violations of the Subject Offenses;
8. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that provide or make accessible child pornography;
9. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of the Subject Offenses;
10. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of the Subject Offenses;
11. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of the Subject Offenses or that show who used, owned, possessed, or controlled the Device;
12. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Device, or that aid in the identification of persons involved in violations of the Subject Offenses;
13. Credit card information, bills, and payment records pertaining to violations of the Subject Offenses;
14. Information about usernames or any online accounts or email addresses used to access or obtain images of child pornography;

15. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of the Subject Offenses;

16. Evidence of who used, owned, or controlled the Device to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence;

17. Evidence of software that may allow others to control the Device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software;

18. Evidence of the attachment to the Device of other storage devices or similar containers for electronic evidence;

19. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device;

20. Evidence of how and when the Device were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

21. The telephone number, ESN number, serial number, and/or SIM card numbers of or contained in the Device;

22. Passwords, encryption keys, and other access devices that may be necessary to access the Device; and

23. Contextual information necessary to understand the evidence described in this attachment.

## DEFINITIONS

24. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

25. "Child Pornography" is defined in 18 U.S.C. § 2256(8), which includes as any visual depiction of sexually explicit conduct involving the use of a minor; a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaged in sexually explicit conduct; or a visual depiction that has been created, adapted, or modified to appear than an identifiable minor is engaging in sexually explicit conduct.

26. "Visual depiction" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

27. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not

2

necessarily depict minors in sexually explicit poses or positions; this also includes texts or discussions regarding minors engaged in sexual acts or conduct.